Soheyl Tahsildoost (Bar No. 271294)
Donna Hooper (Bar. No. 206604)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA EVAZYAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MERCEDES-BENZ USA, LLC, A Delaware Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-6032<br>[Los Angeles County Superior Court Case No. 22GDCV00438]<br><br>**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER** |

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Mercedes-Benz USA, LLC ("MBUSA"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  Defendant MBUSA states as follows:

**Jurisdiction and Authority for Removal**

　　　　1)　　On July 21, 2022, an action was commenced by Plaintiff Rita Evazyan ("Plaintiff") against Defendant MBUSA in the Superior Court of the State of California

1

for the County of Los Angeles, entitled "RITA EVAZYANv. MERCEDES-BENZ USA, LLC, and DOES 1 through 30, inclusive" ("State Court Case"), Case No. 22G DCV00438. The summons and complaint were served on MBUSA on July 25, 2022. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing Defendant MBUSA in the State Court Case, including a copy of the conformed State Court Case complaint. (Exhibit A to Hooper Decl.)

3) The Central District of California encompasses Los Angeles County. Venue is appropriate based on the fact that this action was filed in Los Angeles County and based on the allegations in the Complaint in the State Court Case.

4) The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, because the second and third causes of action arise under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and satisfy the necessary amount in controversy under that statute.

5) Federal district Courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the Plaintiff right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. l, 27-28 (1983).

6) This Court has original jurisdiction of Plaintiff's second and third causes of action since these causes of action arise under a federal statute, i.e. 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

7) 15 U.S.C. § 2310(d)(l)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district Court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state

2

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

that "[n]o claim shall be cognizable in a suit brought under paragraph (l)(B) of this subsection ... if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit ..." 15 U.S.C. § 2310(d)(3)(B).

8) Here, the amount in controversy exceeds $50,000.00. Plaintiff alleges she is entitled to the amount paid or payable for the subject vehicle, which, in a lemon law case such as this one, is the amount paid or payable as set forth in the sales or lease agreement. (Exhibit A – Complaint, Ex A, Lease Agreement, Ex B, Sales Contract attached thereto.) Plaintiff has included the lease agreement and the sales contract for Plaintiff's lease and subsequent purchase of the subject vehicle, a 2019 Mercedes-Benz GLC350E4, VIN WDCOG5EBOKF612051 ("subject vehicle") as Exhibits A and B to the Complaint. Per the Complaint and the lease agreement attached as Exhibit A, the total cost paid or payable under the lease is $23,039.00.  Per the Complaint and the sales contract attached as Exhibit B to the Complaint, the total consideration paid by Plaintiff for the subject vehicle under the sales contract is $44,609.46 for a combined total of $67,648.00.

9) In addition to the paid or payable amount, Plaintiff seeks incidental and consequential damages as well as civil penalties in an amount not to exceed two times the amount of actual damages. (Exhibit A, Complaint, p. 29:22-30:17.)

10) Based on the damages alleged in the Complaint, the amount in controversy is well in excess of $50,000.00 in monetary damages even excluding attorney's fees. Potential civil penalties are taken into account in order to determine the amount in controversy. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) [amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiffs Complaint, or by setting forth facts in the Notice of Removal that support a finding of the requisite amount]; *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) [civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in

3

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages]. Assuming a maximum civil penalty on the amounts paid under the lease, without any consideration of incidental or consequential damages, Plaintiff is seeking no less than $202,944.00.

11) This Court also has complete diversity jurisdiction over this action. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 20 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

12) Plaintiff Rita Evazyan, at the time this action was commenced, was and still is a citizen of the State of California. (Exhibit A to Hooper Decl., Complaint ¶ 1).

13) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings,* LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). A member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code, § 17701.02(p); 6 Del. Code, § 18-101(11).

14) MBUSA is the only named Defendant in this action. (Exhibit A to Hooper Decl., Complaint.) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Hooper Decl. ¶ 3.) The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place

4

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

of business in Farmington Hills, Michigan. (*Id.*) Neither MBUSA nor its sole member is a citizen of the State of California. (*Id.*)

15) Complete diversity therefore existed as of the time the action was commenced in state Court and exists at the time of removal. There are no other named Defendants that can defeat diversity. "Doe" Defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).

16) Plaintiff is alleging violations of the Song-Beverly Consumer Warranty Act. As discussed above, Plaintiff is seeking replacement or restitution, including the entire price paid or payable for the subject vehicle, incidental and consequential damages, a civil penalty in an amount not to exceed two times the amount of Plaintiff's actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, and costs of suit. (Exhibit A, Complaint, p. 29:22-30:17.) Based on the lease agreement and the sales contract attached to the Complaint, the total consideration paid by Plaintiff for the subject vehicle under the lease and the sales contract combined is $67,648.00. The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

17) Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See also Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014). Additionally, Plaintiff seeks incidental and consequential damages. Plaintiff's civil penalty claim requests a penalty equal to double the amount of

5

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

the paid or payable damages and incidental and consequential damages meaning the amount in controversy, without taking into account any incidental and consequential damages or other damages claimed, a maximum civil penalty award plus the amount paid by Plaintiff under the lease agreement and subsequent sales contract would be $202,944.00. The amount in controversy is far in excess of $75,000.00.

18) Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate lndem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc*., 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc*., 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id*. at 1010-1011. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., Goglin v. BMW of N. Am., LLC, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

19) Defendant MBUSA will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated:  August 24, 2022         THETA LAW FIRM, LLP

_____
DONNA HOOPER
Attorney for Defendant Mercedes-Benz USA, LLC

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

## DECLARATION OF DONNA HOOPER

I, Donna Hooper, declare as follows:

1. I am an associate in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Mercedes-Benz USA, LLC ("MBUSA). This declaration is offered in support of MBUSA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1332, 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. MBUSA was served with Plaintiff's Summons and Complaint on July 25, 2022. A true and correct copy of all the documents served on MBUSA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

3. Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. Neither MBUSA nor its sole member is a citizen of the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2022 at Lawndale, California.

_____
Donna Hooper

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**

# PROOF OF SERVICE
## (FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. My E-service address is: eservice@thetafirm.com. On **August 24, 2022**, I served the following documents described as **DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER,** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

Hovanes Margarian
Armen Margarian
Shushanik Margarian
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005
office@margarianlaw.com
hovanes@margarianlaw.com

☐ BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 24, 2022** at Lawndale, California.

/s/ Steven Correa
_____
Steven Correa

**DEFENDANT MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441 & 1446; DECLARATION OF DONNA HOOPER**